UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE GOOD, LORI A. SPELLMAN, and ALLAIN L. THIBODEAU, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV-05-127-B-W |
| ALTRIA GROUP, INC., and PHILIP MORRIS USA INC., | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY PENDING RESOLUTION OF MDL PETITION**

The Court orders a temporary stay of the proceedings in this case to allow the United States Judicial Panel on Multidistrict Litigation (JPMDL) to rule on a pending motion to transfer this case along with other light cigarette cases to a single district pursuant to 28 U.S.C. § 1407.

**I.   STATEMENT OF FACTS**

On May 4, 2009, the Court received a letter from Judge John G. Heyburn II, Chairman of the JPMDL, concerning *Good v. Altria Group, Inc.* Judge Heyburn informed the Court that a motion had been filed pursuant to 28 U.S.C. § 1407 to transfer this case along with other light cigarette cases for coordinated or consolidated pretrial proceedings. *Letter from John G. Heyburn II to Involved Judges* (April 27, 2009). Judge Heyburn noted that the Panel's rules give the parties an opportunity to fully brief the question of transfer, and that the Panel will consider the matter at its bimonthly hearing session. *Id.* Judge Heyburn stated, however, that in the meantime the Court's jurisdiction will continue until any transfer ruling becomes effective. *Id.*

Judge Heyburn also observed that the Court is "free to rule on any pending motion or . . . wait until the Panel has decided the transfer issue." *Id.*

On May 13, 2009, Philip Morris USA Inc. (PM) moved to stay the proceedings in this case until the JPMDL rules on the § 1407 transfer motion. *Philip Morris USA's Mot. to Stay All Proceedings Pending Resolution of MDL Pet.* (Docket # 114) (*PM Mot.*). The Plaintiffs object, noting that they have filed a motion to certify questions of state law, "the answers to which will be critical to the claims of the Maine plaintiffs, whether this case remains with this court or is transferred to a JPMDL assigned judge in another district." *Pls.' Resp. in Opp'n to Philip Morris USA's Mot. to Stay All Proceedings Pending Resolution of MDL Pet.* (Docket # 115) (*Pls.' Resp.*).

## II. DISCUSSION

Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy. *Ramos-Martir v. Astra Merck, Inc.*, No. 05-2038 (PG), 2005 U.S. Dist. LEXIS 30247, at *1 (D.P.R. Nov. 16, 2005); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Courts "frequently grant stays pending a decision by the [JPMDL] regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). Whether to grant a temporary stay pending a ruling on the transfer of the matter to a multi-district litigation court lies within the Court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (stating that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

The narrow question here is whether the Court should wait until the JPMDL acts on the motion for transfer or act now on the Plaintiffs' pending motion for certification. PM contends that "it makes no sense to continue with proceedings when there is a risk that the court will soon lose jurisdiction over the matter in the near future." *PM Mot.* at 2. The Plaintiffs contest the imposition of a stay and, believing that their proposed questions for certification are "potentially dispositive," urge the Court to deny PM's motion and decide theirs. *Pls.' Resp.* at 2. Specifically, with respect to the first factor—prejudice to the non-movants—the Plaintiffs voice two concerns: delay and the transferee court's presumed lack of familiarity with Maine law that applies to their pending motion.

The Court is aware that the journey of this case to the United States Supreme Court and back has already caused substantial delay. The Plaintiffs observe that if the JPMDL concludes that transfer is inappropriate, the Court's stay order will have further and unnecessarily delayed resolution of this case, which has been pending since August 12, 2005. *Id.* However, PM notes that the JPMDL has established a briefing schedule in which responses to the § 1407 transfer motion were due on June 1, 2009 and it estimates that the JPMDL will consider the matter in its July 2009 session. *PM Mot.* at 2. The Plaintiffs agree that the motion will likely be heard in July. *Pls.' Resp.* at 2. If the parties are correct and the JPMDL issues a transfer ruling soon after the hearing, the delay will be measured in weeks, which, though regrettable, cannot cause a significant hardship in a case of unusual complexity.

The Plaintiffs' second prejudice argument begins, as it must, with the recognition that a transfer order will not preclude them from moving the transferee court to certify their questions of Maine law to the Supreme Judicial Court of Maine.[1] *Pls.' Resp.* at 3. The Plaintiffs instead

---

[1] Maine state law authorizes a federal court to certify questions of law to the Supreme Judicial Court of Maine sitting as the Law Court, when the questions "may be determinative of the cause, and there are no clear controlling

oppose the stay on the ground that this Court, because of its presumed familiarity with Maine law, is "better qualified" than a transferee court in New York, Florida, or another state to evaluate the merits of their pending motion for certification. *Id.* at 3. The Court agrees that it likely has more familiarity with Maine state law than a transferee court; nevertheless, the state law questions presented by the motion for certification are not so arcane that a judge in another district could not readily render a proper decision.[2] In sum, the Court concludes that although there would be some prejudice (mainly delay) to the Plaintiffs, the prejudice would not be significant.

PM has not identified any specific prejudice to its defense that would likely occur were the Court to deny the motion for stay. Thus, the overriding consideration here is whether the Court can promote judicial economy by postponing resolution of the Plaintiffs' motion until after the JPMDL acts.

In their motion to certify questions of Maine law to the Law Court, the Plaintiffs emphasize that their proposed questions are either "integral to" or "determinative of" class certification analysis. *Pls.' Mot. to Certify Questions of State Law to the Law Court of Maine* at 6, 9 (Docket # 103). Transfers pursuant to § 1407 are meant "to eliminate duplicative discovery, prevent inconsistent pretrial rulings (*especially with respect to questions of class certification*), and conserve the resources of the parties, their counsel and the judiciary." *In re Global Crossing*

---

precedents in the decisions of the Supreme Judicial Court." 4 M.R.S.A. § 57; Me. R. App. P. 25(a). Although the federal court that commonly certifies such questions to the Law Court is the United States District Court for the District of Maine, the statute expressly allows "the Supreme Court of the United States, or . . . any court of appeals or district court" to do so. 4 M.R.S.A. § 57; *see Brown v. Crown Equip. Corp.*, 2008 ME 186, 960 A.2d 1188 (addressing a question certified by the Court of Appeals for the First Circuit); *Ouellette v. Sturm, Ruger & Co.*, 466 A.2d 478 (Me. 1983) (same); *Hiram Ricker & Sons v. Students Int'l Meditation Soc'y*, 342 A.2d 262 (Me. 1975) (addressing a question certified by the United States District Court for the District of Massachusetts). Accordingly, if this case is transferred pursuant to 28 U.S.C. § 1407, the transferee court would have the authority to certify questions to the Law Court.

[2] In addition to the two statutory requirements that there are no clear controlling Law Court precedents and that the question may be determinative of the cause, there must be no disputes regarding material facts in order for a federal court to certify a question of law to the Law Court. *N. River Ins. Co. v. Snyder*, 2002 ME 146, ¶ 7, 804 A.2d 399, 401.

*Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1385 (J.P.M.L. 2002) (emphasis added). The transferee court will be required to assess the status of each pending matter and decide how best to proceed with multiple pending motions. Addressing the instant case and the pending certification motion, it may be that the transferee court would conclude that a clarification of Maine state law is necessary, but in making this decision, it would be able to consider the impact granting Plaintiffs' motion would have on the efficient conduct of pretrial proceedings not only in this action, but also in the related actions. By contrast, if this Court acted now, it would preempt the transferee court's discretion, ruling without a clear understanding of how a certification might affect the efficient conduct of pretrial proceedings in the ten other related cases, and it might make a decision that the transferee court would not have made. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (recognizing that following a transfer pursuant to 28 U.S.C. § 1404, traditional law of the case principles constrain a transferee court's discretion to reconsider a transferor court's rulings); *Cabral v. Am. Airlines, Inc.* (*In re Air Crash at Belle Harbor*), MDL NO. 1448 (RWS), 02 Civ. 8411 (RWS), 2003 U.S. Dist. LEXIS 501, at *6 (S.D.N.Y. Jan. 15, 2003) (applying generally applicable transfer principles to a § 1407 transfer and noting that "decisions by a transferor court are the 'law of the case'"). Thus, even if the Court were inclined to speculate that transfer is unlikely, considerations of judicial economy weigh heavily in favor of imposing a brief stay.

Moreover, to the extent the Court can predict the JPMDL's transfer decision, this action appears a good candidate for transfer and coordination or consolidation under § 1407, and therefore a good candidate for a brief stay pending a decision. *See In re E. Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (listing as factors in the transfer decision the presence of common factual questions, competing requests for class

designations, and the potential for duplication of discovery and inconsistent pretrial rulings). From this Court's perspective, whether to stay this case pending the JPMDL's decision is not a close question. A temporary stay only seems appropriate. Whichever way the JPMDL decides, the court that ultimately presides over the pretrial proceedings in the case will be the court to resolve the Plaintiffs' certification motion.

## III.  CONCLUSION

The Court GRANTS Philip Morris USA's Motion to Stay All Proceedings Pending Resolution of MDL Petition (Docket # 114). The Court STAYS the proceedings in this matter until the United States Judicial Panel on Multidistrict Litigation rules on the pending motion to transfer this case pursuant to 28 U.S.C. § 1407.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2009